DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF & BROWNE LLP
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GREAT AMERICAN INSURANCE COMPANY,    :

                    *Plaintiff,*    :    **16 Civ.**

   -against-    :

UNIVERSAL LOGISTICS GROUP INC.,    **COMPLAINT**

                    *Defendant*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Great American Insurance Company ("Great American" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

1. All and singular the following premises are true and constitute claims arising within the diversity jurisdiction of the Court, pursuant to 28 U.S.C. § 1332, as hereinafter more fully appears.

2. At all times material hereto, Great American was and is a company organized and existing under and by virtue of the laws of the State of Ohio, having its principal place of business in Cincinnati, Ohio, and was the insurer of Lane Crawford LLC, the owner of the apparel that is the subject of the present action, as more fully described herein.

3. The assured Lane Crawford LLC (not a party to this action) is a Delaware Limited Liability Company whose principal member is Victor Green, a resident of the State of New York. Lane Crawford corporate offices are located in New York City.

4. At all times material hereto, Defendant Universal Logistics Group Inc. (hereafter "ULG") was and is a corporation organized and existing under and by virtue of the laws of the State of New Jersey, having its principal place of business in Secaucus, New Jersey. At all material times hereto Defendant ULG was engaged in business as a warehouseman of goods for hire in various locations (including New Jersey and California), and does business in the State of New York including the area comprising the Southern District.

5. In May 2014, ULG filed for bankruptcy protection in the United States Bankruptcy Court for the District of New Jersey, Case 14-20406. By Order entered February 3, 2016, the Bankruptcy Court vacated the bankruptcy stay to permit the filing of this action.

6. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in the Southern District of New York, pursuant to 28 USC § 1391 (b)(1), and (c)(1) on the basis that the Defendant ULG, for purposes of the statute, resides in New York. The District is also the most convenient as, *inter alia* the assured Lane Crawford is located in New York where it entered into the warehousing agreement with ULG. Great American investigated and adjusted the insurance claim through its New York office; and the forensic accountants hired by Great American who investigated the loss are based in New York.

8. In and about 2013, ULG and Lane Crawford entered into an agreement in the State of New York in which ULG agreed to provide various warehousing services at various rates, including, *inter alia,* the receiving, labelling, organizing, storing, shipping, and delivery of

Lane Crawford apparel to Lane Crawford and/or its designee. In connection with such agreement, ULG received and handled Lane Crawford's apparel at ULG's New Jersey and California locations.

9. Commencing in and about December 2013 through in and about October 2014, various consignments of apparel owned by Plaintiff's assured, Lane Crawford, were delivered and entrusted in good order and condition to Defendant ULG at its Florence Avenue, Santa Fe Springs, California facility (hereafter the "Apparel"). ULG issued warehouse receipts and/or other documents in connection with accepting delivery of said apparel.

10. Defendant ULG through its agents, employees and/or representatives, accepted said Apparel and, in consideration of charges paid and/or agreed to be paid, further agreed and undertook, *inter alia,* to safely receive, handle, label, store, stage, and deliver the Apparel to Lane Crawford and/or designees in the same good order and condition as when received by ULG.

11. Defendant ULG did not, however, return all of the Apparel to Lane Crawford. Instead, *inter alia,* ULG misdelivered the Apparel to third parties not entitled to same.

12. Investigation has found that when Lane Crawford went to the Santa Fe Springs Facility in and about October 2014 to accept redelivery of the Apparel:

(i) Numerous other customers of ULG had goods stored at the facility.

(ii) Lane Crawford's apparel was comingled with goods belonging to various different companies in various areas of the facility.

(iii) Representatives of many different companies were attempting to identify and receive their goods at the same time.

  (iv) There was no adequate process in place to ensure that the goods in storage at the facility were in fact delivered to their rightful owners.

 13. It was later discovered that:

 (i) Other ULG customers did not receive all of their goods back from ULG.

 (ii) Goods at the facility which were owned by another customer were not redelivered by ULG but instead were later discovered to be co-mingled with other goods in a warehouse in New Jersey.

 (iii) Missing goods were found in another part of the warehouse, co-mingled and mixed with apparel belonging to other customers.

 (iv) Some of the goods which Lane Crawford received were found not to belong to Lane Crawford but to other customers of ULG.

 (v) Alarm systems at the facility were maintained and operational.

 (vi) The facility was never broken into or burglarized during ULG's occupation of the facility.

 14. The foregoing circumstances make it likely that ULG misdelivered said Apparel to other merchandise owners when they called to pick up their own goods and/or were otherwise negligent. Defendant ULG's failure to deliver all of the said Apparel as tendered and/or its misdelivery of same to other merchandise owners was in violation of Defendants' obligations and duties as warehouseman, bailee, its obligations under the Uniform Commercial Code and/or otherwise.

 15. As a result of the loss, Plaintiff was obligated to pay its assured substantial sums. Plaintiff brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties interested in and who were damaged as a result of the loss of the said

Shipment, as their respective interests may ultimately appear, and is duly entitled to maintain this action.

16. Plaintiff and its assured have performed all conditions on their parts to be performed.

17. By reason of the foregoing, Plaintiff has sustained substantial damages, no part of which has been paid by Defendants, although duly demanded, in a sum estimated to be or exceed U.S.$875,000.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

18. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 17 above.

19. Defendant breached its agreements and obligations with Lane Crawford by failing to re-deliver all the Apparel as set forth above.

20. As a result, the Defendant ULG has caused damage to Plaintiff, and is liable to Plaintiff, and to the others on whose behalf Plaintiff sues, for such damages in an amount estimated to be or exceed U.S. $875,000.

## SECOND CAUSE OF ACTION

## TORT DAMAGE TO PROPERTY – NEGLIGENCE

21. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 20 above.

22. Defendant negligently or with gross negligence failed to exercise the degree of care in relation to said Apparel that a reasonably careful man would exercise under like circumstances, and/or negligently and/or with gross negligence failed to take adequate

precautions for the Apparel such as were reasonably required and would be sufficient to prevent loss to said Apparel, including misdelivering Apparel to third parties not entitled to same and/or otherwise.

23. The said Apparel suffered loss as alleged herein, as a proximate result of Defendant ULG's said negligent and/or grossly negligent conduct.

24. By reason of the foregoing, the Defendant has caused damage as alleged herein to Plaintiff, and to the others on whose behalf Plaintiff sues, and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S.$875,000.

## THIRD CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

25. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 24 above.

26. Defendant was, at all relevant times, acting as bailee of or otherwise had a duty to care for the Apparel at the time it was lost and/or damaged. Defendant thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the said Apparel in the same condition as when entrusted to them, and/or to perform their services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those obligations and negligently failed to deliver to Plaintiff's assured or its designee the said Apparel in as complete and good condition as when entrusted to them.

27. By reason of the foregoing, the Defendant has caused damage as alleged herein to Plaintiff, and to the others on whose behalf Plaintiff sues, and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S.$875,000.

## FOURTH CAUSE OF ACTION

### **MISDELIVERY**

28. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 27 above.

29. By reason of the foregoing, defendant misdelivered the Apparel to persons other than Lane Crawford and/or its designee.

30. By reason of the foregoing, the Defendant has caused damage as alleged herein to Plaintiff, and to the others on whose behalf Plaintiff sues, and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S.$875,000.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: March 3, 2016　　　　　　　　MALOOF BROWNE & EAGAN LLC
　　　　　Rye, New York

　　　　　　　　　　　　　　　　　By: __s/Thomas M. Eagan_____
　　　　　　　　　　　　　　　　　　　David T. Maloof (DM 3350)
　　　　　　　　　　　　　　　　　　　Thomas M. Eagan (TE 1713)
　　　　　　　　　　　　　　　　　411 Theodore Fremd Ave., Suite 190
　　　　　　　　　　　　　　　　　Rye, NY 10580
　　　　　　　　　　　　　　　　　Tel: (914) 921-1200
　　　　　　　　　　　　　　　　　Fax: (914) 921-1023
　　　　　　　　　　　　　　　　　Email: dmaloof@maloofandbrowne.com
　　　　　　　　　　　　　　　　　teagan@maloofandbrowne.com